## In re PARKER DISTRIBUTING, INC., Debtor.

## PARKER DISTRIBUTING, INC., Plaintiff,

### v.

## Floyd M. WHITMER and Ila Whitmer, d/b/a Ozark Schrader Wood Stove, Defendants.

Adv. No. 88–0275–BKC–JJB.

Bankruptcy No. 86–03248–BKC–JJB.

United States Bankruptcy Court, E.D. Missouri, E.D.

Oct. 19, 1990.

As Amended Oct. 26, 1990.

Leslie A. Davis, Clayton, Mo., trustee.

Michael A. Becker, Clayton, Mo., for trustee.

John F. Mulligan, Jr., Clayton, Mo., for defendants.

## FINDINGS AND CONCLUSIONS

JAMES J. BARTA, Bankruptcy Judge.

The Trial of the Debtor's Complaint was commenced and concluded on October 16, 1990. Upon consideration of the record as a whole, the Court announced its Findings and Conclusions and Orders from the bench on the same date. These Findings and Conclusions and Orders constitute the Final Orders of this Court.

The Debtor's Complaint requests payment of a pre-petition business debt owed to the Corporate Debtor. The Defendants include the business entity to which the Debtor sold lawn care items on an on-going basis since approximately April, 1985, and two individuals who had personally guaranteed payment of the debts created by the business relationship. Both parties presented testimony, evidence and oral argument upon the record at this hearing.

This is a core proceeding pursuant to 28 U.S.C. Section 157(b)(2)(A) and (E) in that the Plaintiff is administering upon assets of the estate and attempting to obtain an order for the turnover of property of the estate.

The Plaintiff has established that a debt was owed by Ozark Schrader Wood Stove, Defendant, to the Debtor, Parker Distributing, Inc., as of the commencement of this case on December 30, 1986.

Floyd M. Whitmer and Ila Whitmer, Defendants, were signatories to a pre-petition

agreement whereby they became personally liable to pay the debts and obligations of Ozark Schrader Wood Stove to this Debtor. This record has not established as a matter of fact or law that Floyd M. Whitmer and Ila Whitmer were at any time after creation of this agreement, released from their personal liability to the Debtor for this debt.

The record clearly indicates that Robert Roth, a pre-petition employee of the Debtor, was not authorized by the Debtor or any other entity to release or cause the release of Floyd M. Whitmer and Ila Whitmer from their personal liability to the Debtor for this debt. The record also clearly indicates that at no time did Robert Roth represent or misrepresent to Floyd M. Whitmer and/or Ila Whitmer or any other entity that Floyd M. Whitmer and Ila Whitmer were released from the personal guarantee to this Debtor for this debt.

The Court finds and concludes that Robert Roth held no apparent or actual agency authority on behalf of this Debtor to release Floyd M. Whitmer and Ila Whitmer from their personal liability to the Debtor for this debt.

Although the Defendants produced self-serving testimony concerning the execution of a document which they believed released Floyd M. Whitmer and Ila Whitmer from their personal guarantee, the record has otherwise failed to support either the existence of such a document or any other legal or binding intention by the Debtor to release this personal guarantee. The Defendants' inability to produce the January, 1986 document referred to in the Defendants' direct testimony must result in the conclusion that the legal effects of any such document did not include a release of the personal liability of Floyd M. Whitmer and Ila Whitmer.

A consideration of the record as a whole in this matter has failed to produce any other legal or equitable basis upon which the Defendants may be excused from their liability upon this debt.

The amount owed as of the date of this hearing has been proven to be $66,238.48.

The amount owed by these Defendants to this Plaintiff has not been paid.

The claim which is the debt owed by Ozark Schrader Wood Stove, as guaranteed by Floyd M. Whitmer and Ila Whitmer, is an asset of this Bankruptcy estate.

Therefore, by separate order, judgment is entered in favor of the Plaintiff and against these Defendants; and the Defendants are ordered to pay the judgment in this matter.